UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS CARR,

    Plaintiff,

                                                                                     Case No.

-vs-

POLICE OFFICER DAVID HANSBERRY, in his individual capacity,
POLICE OFFICER ANDRE RUPERT, in his individual and
official capacity, POLICE OFFICER BRYAN WATSON , in his
individual and official capacity, POLICE OFFICER GREGORY TOURVILLE,
in his individual and official capacity and POLICE OFFICER MURCH SNYDER,
in his individual and official capacity, jointly and severally,

    Defendants.
_____

**JOEL B. SKLAR (P38338)**
**THOMAS J. MACHASIC (P76548)**
Attorneys for Plaintiff
615 Griswold Street, Suite 1116
Detroit, MI 48226
313.963.4529
_____/

**COMPLAINT AND JURY DEMAND**

    Plaintiff, THOMAS CARR**,** through his Attorneys, JOEL B. SKLAR and THOMAS J. MACHASIC, files this Complaint and Jury Demand and states that:

**JURISDICTION AND VENUE**

1. This action involves Constitutional, statutory, and common-law claims arising under the *Fourth* and *Fourteenth Amendments* to United States Constitution, 42 U.S.C. § 1983, 28 U.S.C. §1391(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1343. Defendants, individually and/or collectively, physically assaulted Plaintiff gratuitously after he was restrained and

1

in handcuffs on the ground. There was no legal or other justification or excuse for this physical assault and deliberate Constitutional violation of Plaintiff's clearly established *First* and *Fourteenth Amendment* rights. Defendants are not entitled to qualified immunity because Plaintiff's constitutional rights were clearly established and any reasonable officer would know that the excessive force was unreasonable.

2. Plaintiff, Thomas Carr, is a resident of the City of Detroit, County of Wayne, and State of Michigan, which is located within this judicial district.

3. Defendant, Officer David Hansberry is being sued in his individual capacity as a City of Detroit Police Officer as he was acting in that capacity as an employee and agent for the City of Detroit when he violated Plaintiff's clearly established Constitutional rights as set forth herein

4. Defendant, Officer Bryan Watson is being sued in his individual capacity as a City of Detroit Police Officer as he was acting in that capacity as an employee and agent for the City of Detroit when he violated Plaintiff's clearly established Constitutional rights as set forth herein

5. Defendant, Officer Andre Rupert is being sued in his individual capacity as a City of Detroit Police Officer as he was acting in that capacity as an employee and agent for the City of Detroit when he violated Plaintiff's clearly established Constitutional rights as set forth herein

6. Defendant, Officer Gregory Tourville is being sued in his individual capacity as a City of Detroit Police Officer as he was acting in that capacity as an employee and agent for the City of Detroit when he violated Plaintiff's clearly established Constitutional rights as set forth herein

7. Defendant, Officer Murch Snyder is being sued in his individual capacity as a City of Detroit Police Officer as he was acting in that capacity as an employee and agent for the City of Detroit when he violated Plaintiff's clearly established Constitutional rights as set forth herein

8. Defendants, John Doe 1 and John Doe 2 (Defendant John Does), exact identities are unknown to Plaintiff, and are being sued in his individual capacity as a City of Detroit Police Officer as he was acting in that capacity as an employee and agent for the City of Detroit when he violated Plaintiff's clearly established Constitutional rights as set forth herein.

9. Each of these officers had a duty to not violate Plaintiff's clearly established Constitutional rights and to intervene and stop their fellow officers from violating Plaintiff's clearly established Constitutional rights.

10. Pursuant to 42 U.S.C. § 1983, and other applicable law, this court is justified to award nominal, compensatory, and punitive damages, and equitable relief against Defendants.

11. Plaintiff is entitled to an award of attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

12. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391 because all Defendants reside within this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

## COMMON ALLEGATIONS

13. Plaintiff hereby incorporates by reference all paragraphs as if fully set forth herein.

14. On October 23, 2013, at approximately 7:30 p.m., the Detroit Police Department executed a search warrant at 7647 Faust, Detroit, MI.

15. Plaintiff did not reside at the home, but was present during the raid of the home.

16. Defendant Rupert entered the home with the other Defendants to search for persons and evidence of criminal behavior.

17. Defendant Rupert went into the basement where he discovered Plaintiff sitting in a crawlspace underneath the stairs.

18. Defendant Rupert ordered Plaintiff out from under the stairs and Plaintiff complied.

19. Once Plaintiff exited the crawlspace area he was seized, handcuffed, and secured by Defendant Officers while Plaintiff was lying face down on the floor.

20. After being handcuffed and no threat to Defendants, Defendant Hansberry kicked and stomped Plaintiff in the face without justification.

21. Plaintiff's jaw was broken as a result of the Defendant Hansberry's deliberate and intentional actions.

22. Officers with Defendant Hansberry refused did nothing to stop Hansberry's unlawful treatment of Plaintiff and/or failed to render assistance or aid to Plaintiff.

23. Defendants are not entitled to qualified immunity because Plaintiff's constitutional rights were clearly established and any reasonable officer would know that his/her conduct was unreasonable.

## COUNT I:

**VIOLATION OF FOURTH AND FOURTEENTH AMENDEMENTS
CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND 42 U.S.C. § 1985
BY DEFENDANTS
(Unconstitutional Use of Excessive Force)**
(All Defendants)

24. Plaintiff incorporates by reference all paragraphs as if fully set forth herein.

25. The above-described kicking and stomping of Plaintiff was without legal justification or

excuse.

26. Pursuant to 42 USC § 1983, and the *Fourth* and *Fourteenth Amendments* to the United States Constitution, the Defendants owed Plaintiff a duty to use only that force which was reasonable and necessary.

27. Defendants, individually and collectively, violated Plaintiff's Fourth and Fourteenth Amendment rights by the use of excessive and gratuitous force when Plaintiff was already restrained in handcuffs and of no threat of fight or flight.

28. Defendants, individually and/or collectively, failed to timely render and/or timely seek medical care or assistance for Plaintiff or secure transportation to a hospital, which conduct constitutes a deliberate indifference to a known serious medical need.

29. Defendants conspired with one another to deprive Plaintiff of his constitutional rights and failed to intervene to protect Plaintiff from the constitutional violations visited upon him based on the fact, in whole or in part, because of the color of his skin.

30. Knowing that they had engaged in wrongdoing, Defendant Officers then proceeded to concoct a story that would alleviate them of any wrongdoing.

31. As a direct and proximate cause of the Defendants' unconstitutional conduct, Plaintiff suffered the injuries described above and experienced pain, suffering, emotional distress, agony, humiliation, shock, horror, and other economic, non-economic damages, punitive damages and all other damages allowed by law.

## RELIEF REQUESTED

**ACCORDINGLY,** Plaintiff asks this Court to award Judgment in his favor and against Defendants, jointly and severally, for the following:

1. Compensatory damages in an amount consistent with the allegations contained in

this Complaint including all economic and non-economic damages as allowed by law.

2. Exemplary damages in an amount consistent with the allegation contained in this Complaint;

3. Punitive damages in an amount sufficient to adequately punish the Defendants and to deter future conduct of the type alleged in this Complaint;

4. Attorney fees as allowed by law pursuant to 42 U.S.C. §§ 1983, 1988; and

5. Such other and further relief as this Court believes is just and proper.

                    __/s/ Joel B. Sklar_____
                    Joel B. Sklar (P38338)
                    Thomas J. Machasic (P76548)
                    Attorneys for Plaintiff
                    615 Griswold St Ste 1116
                    Detroit, MI 48226

Dated: 2/25/16

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial.

                    __/s/ Joel B. Sklar_____
                    Joel B. Sklar (P38338)
Dated: 2/25/16         Thomas J. Machasic (P76548)
                    Attorneys for Plaintiff
                    615 Griswold St Ste 1116
                    Detroit, MI 48226